UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL WILLIAMS #219166,

      Petitioner,

v.                                                  Case Number: 09-cv-13098
                                                  Honorable Victoria A. Roberts

NICK LUDWICK,

      Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Paul Williams, currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* Habeas Corpus Petition pursuant to 28 U.S.C. § 2254. In 2008, Petitioner pleaded guilty to unarmed robbery and was sentenced as a habitual offender, fourth, to 114- to 480-months in prison. In his *pro se* pleadings, Petitioner alleges that he is entitled to re-sentencing before a different trial judge because the statutory sentencing guidelines were misscored.

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). For the reasons discussed, the Court denies Petitioner's Petition.

I.

Following Petitioner's guilty plea, he filed an Application for Leave to Appeal with the Michigan Court of Appeals, raising the same claim as raised in his Habeas Petition. On October 1, 2008, the Court of Appeals denied Petitioner's Application. *People v. Williams*, No. 287355 (Mich.Ct.App. Oct. 1, 2008). Petitioner then filed an Application for Leave to Appeal with the Michigan Supreme Court, raising the same claim. On February 24, 2009, the Michigan Supreme Court also denied Petitioner's Application. *People v. Williams*, 483 Mich. 895; 760 N.W.2d 473 (2009). Petitioner filed his Petition on August 6, 2009.

II.

Petitioner asserts that he is entitled to habeas relief because the trial judge improperly misscored offense variable 1, by relying upon facts not determined by a jury. Petitioner is essentially raising a *Blakely*[1] claim.

Sentencing claims only raise questions of the interpretation and application of state law. *Thomas v. Foltz*, 654 F.Supp. 105, 106-107 (E.D. Mich. 1987). It is well-established that habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). There is also no federal constitutional right to individualized sentencing. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).

Although state law requires judges to provide a substantial and compelling reason for departing from the sentencing guidelines, *see* MICH. COMP. LAWS § 769.34(3) and Mich. Ct. R.

---

[1] *Blakely v. Washington*, 543 U.S. 296 (2004).

6.425(E)(1)(e), the alleged violation of Michigan law is not a basis for habeas relief. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 68 (citing 28 U.S.C. § 2241 and *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (*per curiam*)).

Against that backdrop, the Court concludes that Petitioner's sentencing claim is not cognizable upon federal-habeas review and is without merit.

Furthermore, to the extent Petitioner relies on *Blakely*, a majority of the Supreme Court in that case indicated that its decision applied only to determinate sentencing systems. *See Blakely*, 542 U.S. at 308-09. Michigan, however, has an indeterminate sentencing system in which the minimum sentence generally is based on sentencing guidelines and the maximum sentence is set by law, not by the trial court. *People v. Claypool*, 470 Mich. 715, 730; 684 N.W.2d 278, 286, n. 14 (2004). "[B]ecause a Michigan defendant is always subject to serving the maximum sentence provided for in the statute that he or she was found to have violated, that maximum sentence constitutes the 'statutory maximum' as set forth in *Blakely*." *People v. Drohan*, 475 Mich. 140, 163-64; 715 N.W.2d 778, 791 (2006). *See also Jones v. Bergh*, 2006 WL 1007602, 1-2 (E.D. Mich. Apr. 17, 2006); *George v. Burt*, 2006 WL 156396, 5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, 2005 WL 1343060, 3 (E.D. Mich. June 1, 2005). More recently, the United States

Supreme Court, in *Cunningham v. California*, 549 U.S. 270, 280-81 (2007), confirmed its

holding in *Blakely*.[2]

The Court therefore concludes that it plainly appears from the face of the Habeas Petition that Petitioner is not entitled to relief.

III.

Accordingly, the Court **DISMISSES WITH PREJUDICE** Petitioner's "Petitioner for Writ of Habeas Corpus" [dkt. # 1].

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 19, 2009

---

[2] Last year, the Michigan Supreme Court reaffirmed its holding in *Drohan* that Michigan's indeterminate sentencing scheme is valid under *Blakely*. *See People v. Harper*, 479 Mich. 599, 614-15; 739 N.W.2d 523, 533 (2007), *cert. denied*, 128 S.Ct. 1444 (2008). *See also People v. McCuller*, 479 Mich. 672, 686; 739 N.W.2d 563, 571 (2007) (stating that the United States Supreme Court's decision in *Cunningham* does not require the Michigan Supreme Court to modify its decision in *Drohan* and that a sentencing court does not violate *Blakely* by engaging in judicial fact-finding to calculate the recommended minimum sentence range), *cert. denied*, *McCuller v. Michigan*, 128 S.Ct. 1871 (2008).

On remand, the Michigan Supreme Court held that even if Michigan's "intermediate-sanction cells" were characterized as setting maximum sentences for *Blakely* purposes, the sentencing court did not violate *Blakely* by scoring the OVs to set the minimum recommended sentence and by imposing a prison sentence within the guidelines. *See McCuller*, 479 Mich. At 676-98; 739 N.W.2d at 565-77 (Corrigan, J., joined by Taylor, Weaver, Young & Markman, JJ.), applied by, e.g., *People v. Higgins*, 2008 WL 786524 (Mich.Ct.App. Mar.25, 2008) and *People v. Anderson*, 2008 WL 215216 (Mich.Ct.App. Jan.24, 2008).

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Paul Williams by electronic means or U.S. Mail on August 19, 2009.<br><br>s/Carol A. Pinegar<br>Deputy Clerk |